[No. 28437. *En Banc.* February 9, 1942.]

ARTHUR F. BARTOW, *Respondent,* v. ADELIA BARTOW, *Appellant.*[1]

[1]Reported in 121 P. (2d) 962.

*Nelson R. Anderson,* for appellant.

*George E. Clarke* and *Jerome K. Kuykendall,* for re-spondent.

BLAKE, J.—The plaintiff and the defendant were married in 1919. In 1927, plaintiff filed complaint for divorce on the ground of cruelty. Defendant countered with a cross-complaint on the same ground. Upon trial, the court found that each had been guilty of cruelty towards the other. The court further found and decreed that defendant was entitled to seventy-five dollars a month alimony for six months and fifty dollars a month thereafter "until the further order of the court." (Plaintiff was then making one hundred eighty dollars a month.) March 2, 1932, the superior court, assuming to exercise the power so reserved, entered an order discharging plaintiff from all obligation to pay alimony upon the payment of three hundred dollars. Upon appeal by defendant, that order was reversed—it being the view of this court that no change in the situation and condition of the parties was shown since the entry of the interlocutory decree. *Bartow v. Bartow,* 170 Wash. 409, 16 P. (2d) 614.

September 9, 1933, the superior court, exercising the power reserved in the interlocutory decree, entered an order reducing the allowance of alimony to $42.50 a month upon a showing that plaintiff's earnings had been reduced from one hundred eighty to one hundred fifty-three dollars a month. This order, however, provided that, "if or when said plaintiff's salary amounts to the full amount or approximately the full amount of $180.00 per month, then said alimony is fixed at $50.00 per month, . . . " From that time until the hearing in the present proceedings, plaintiff continued to pay defendant $42.50, although his salary was restored to approximately one hundred eighty dollars a month in 1935.

In July, 1940, plaintiff instituted the present proceedings, praying that the alimony provisions of the interlocutory decree be abrogated, and that he be relieved of all further obligation to defendant. Defendant thereupon caused plaintiff to be cited for contempt for failure to pay fifty dollars a month for the period subsequent to the time that his salary was restored to one hundred eighty dollars a month. The two proceedings were consolidated for trial.

After hearing the evidence, the court ordered that "the plaintiff . . . be and he is hereby relieved of the payment of any further alimony from the 11th day of February, 1941, and the decree of divorce is hereby modified in that regard." The court found, however, that plaintiff was in arrears in the amount of alimony due defendant under the order of September 9, 1933, in the amount of $487.50, and ordered that this amount be paid in semimonthly installments. Plaintiff was absolved of the charge of contempt for having failed to make these back payments of alimony when they became due. Defendant appeals.

Error is assigned (1) in entertaining jurisdiction of plaintiff's application for modification of the interlocutory decree; (2) in not finding respondent guilty of contempt; and (3) in modifying the interlocutory decree. Another error is assigned which we shall not discuss because the question raised will have become moot by the time the remittitur goes down.

■ *First.* Appellant challenges the right of the court to entertain an application to modify an interlocutory decree with respect to alimony after it has once exercised the power reserved. In other words, appellant contends that the court, having, by the order of September 9, 1933, modified the interlocutory decree, exhausted the power reserved. While there may be support for this position in the decisions of courts of other states, it is not tenable here. *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605. Holding that such matters as these invoke its equitable powers, the court said in the former:

"But where, as here, the decree is not final, but continuing, the original jurisdiction continues, and the court has as much power to order subsequent modifications as it had to enter a decree in the first instance."

■ *Second.* The respondent has been a member of the fire department of Seattle since 1913. In 1933, the city reduced the salaries of firemen and other city employees. In an action brought on behalf of the firemen, it was held that the action of the city council in reducing their salaries was illegal, and that the firemen were entitled to recover for back salary in the amount of the reduction. The city settled with respondent for back salary in 1935. At the same time, his former salary was reinstated. Notwithstanding this, he continued to pay appellant $42.50 a month. She accepted this amount without protest. Only when respondent

initiated the present proceedings did she lay claim to more. While the court held that she was entitled to recover for alimony in arrears under the order of September 9, 1933, it very properly refused, under the circumstances, to adjudge respondent in contempt for nonpayment.

■ *Third.* This court is committed to the rule that a decree granting alimony can be modified only upon a showing of a change in the condition and circumstances of the parties occurring subsequent to its entry and existing at the time of application for its modification. *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F, 721; *Drabe v. Drabe,* 124 Wash. 451, 214 Pac. 625; *Cook v. Cook,* 168 Wash. 649, 13 P. (2d) 38; *Bartow v. Bartow, supra.*

■ The criterion for the allowance of alimony depends on two factors: (1) the necessities of the wife; (2) the financial ability of the husband. *Holcomb v. Holcomb,* 53 Wash. 611, 102 Pac. 653; *Herrett v. Herrett,* 80 Wash. 474, 141 Pac. 1158. A decree for alimony is permanent in that it continues in force until a change in circumstances occurs. *Warning v. Warning,* 5 Wn. (2d) 398, 105 P. (2d) 715.

■ From the decisions, it is apparent that, upon application for modification of the interlocutory decree, the change of circumstances contemplated has reference, as in the first instance, to the financial ability of the husband to pay and the necessities of the wife. Judged by that criterion, there has been no change in the ability of the respondent to pay. His counsel plead that he is old and decrepit—at fifty. However, he is performing the arduous duties of a fireman sufficiently well to hold his job.

The trial court based its modification of the decree largely, if not wholly, upon the fact that appellant, during the years intervening since the last hearing, had

made no effort to obtain employment. Be that as it may, it was established by impeccable medical testimony that her condition, at the time of the hearing and for a long time before, was such that she could not engage in any work that required sustained physical effort.

Respondent argues that the mere lapse of time and the payment of some seven thousand dollars through the years is sufficient justification for modifying the decree and relieving him of all further obligation for alimony. In support of this plea, he cites *Lockhart v. Lockhart*, 145 Wash. 210, 259 Pac. 385.

It must be confessed, there is much said in that opinion to support the argument. Upon analysis of it, however, there will be found more substance in fact for the modification of the decree than mere lapse of time and payment of alimony over a period of years. It appears that there was a property settlement at the time of the divorce, through which the wife received property of substantial value. The modification of the decree with respect to alimony was conditioned upon payment by Lockhart of a policy loan and premiums until maturity on certain insurance policies, aggregating four thousand dollars, which had been turned over to Mrs. Lockhart. Viewing the case in its legal aspect, it is to be observed that no cases are cited in support of the decision; nor is there any discussion of the rule that a modification will be made only on a showing of a change in the condition and circumstances of the parties. The rule is too well established by decisions rendered both before and after the *Lockhart* case to justify its abandonment on the authority of that case.

The order is reversed in so far as it purports to modify the interlocutory decree. The cause is remanded, with directions to modify the order in the

414

latter respect and to dismiss respondent's application for modification of the interlocutory decree.

ROBINSON, C. J., MAIN, STEINERT, JEFFERS, and DRIVER, JJ., concur.

BEALS, J. (dissenting)—I am unable to agree with the majority in directing that respondent's application for modification of the divorce decree in respect to payment of alimony provided therein be dismissed.

The trial court, after a full hearing, reached the conclusion that, after paying the delinquent installments of alimony, respondent should be relieved from all further payments. While it may be that the trial court went too far in cutting off all alimony, I am convinced that under the law the trial court had the right to direct such decrease in the appellant's alimony as seemed proper, and that the facts shown warranted the entry of an order making a material reduction of the payments which, under the decree, respondent was required to make.

The opinion of this court in the case of *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385, in my opinion, lays down a salutary principle of law, applicable to the case at bar. I agree with the majority in holding that the *Lockhart* case is not here absolutely controlling, but I believe that, under the doctrine of that decision, the alimony which respondent is obligated to pay under the decree of divorce should be materially reduced.

I accordingly dissent from the conclusion reached by the majority.

MILLARD and SIMPSON, JJ., concur with BEALS, J.