[No. 31738. Department Two. August 2, 1951.]

H. W. WAGES, *Appellant,* v. NELLIE G. WAGES, *Respondent.*[1]

Kenneth A. Bell, for appellant.

Frank J. Blade, for respondent.

GRADY, J.—This proceeding was instituted by the respondent to secure an order of the court requiring appellant to pay alimony to her in such sum as the court might determine and to punish him for contempt for failure to obey the ali-

[1] Reported in 234 P. (2d) 497.

mony provisions provided for in the interlocutory order of divorce entered June 15, 1943. The court made an order directing appellant to pay to respondent the sum of sixty dollars per month, commencing July 15, 1950, and continuing until further order of the court.

Appellant and respondent were husband and wife up to June 15, 1943, when an interlocutory order of divorce was entered. The custody of their daughter, then of the age of fourteen years, was awarded to respondent. Pending the divorce action, a property settlement agreement was made by which appellant agreed to pay to respondent the sum of seventy-five dollars per month for the support of herself and their minor daughter. Appellant was directed by the interlocutory order to pay to respondent alimony and support money for the minor child in the sum of seventy-five dollars per month, payable semi-monthly. Appellant complied with the order of the court until July 15, 1950, when he ceased making further payments. The minor child reached the age of twenty-one years July 13, 1950.

At the hearing of this proceeding, appellant contended that by the terms of the interlocutory order he was automatically absolved from further payments thereunder when his daughter arrived at the age of twenty-one years, for the reason that the seventy-five dollars per month payment was intended to be for the support of the minor child and terminated at her majority. The respondent contended that the interlocutory order contemplated that, upon the arrival of the daughter at the age of majority, the entire monthly sum of seventy-five dollars should continue to be payable to her as alimony for her support. The testimony given by appellant and respondent was directed to the financial needs of respondent and the ability of appellant to continue to contribute to her support.

At the time of the entry of the interlocutory order in 1943, appellant was fifty-one years of age and respondent was of the age of forty-nine years. Appellant is a carpenter by trade and is also a skilled cabinet maker. The present net income of appellant from his work as a carpenter is approximately $2,863 per year. In 1945 appellant remarried.

Respondent and her daughter live together. The daughter attends college in Spokane. She is preparing herself for the teaching profession and has about two more years before graduation. Since the entry of the interlocutory order, respondent and her daughter have maintained themselves by the monthly payments made by appellant and some earnings of the daughter. The respondent testified with reference to physical disabilities which, she claimed, prevented her from following any gainful occupation, and that she was not capable of following her former profession as a school teacher.

Appellant testified that his present wife had some earning capacity, but that by reason of physical disabilities such capacity was seriously impaired. There was no medical testimony submitted in support of the claimed physical condition of the present and former wives of appellant. Appellant urges that it was the duty of respondent, after she was divorced, to have made some plans and efforts to become self-sustaining, and urges that, in any event, he should not be required to be her sole support.

The trial judge, after hearing the testimony of the parties and having the opportunity to observe them as they testified, reached the conclusion that the need of respondent and the ability of appellant were such that appellant should be required to pay to respondent the sum of sixty dollars per month until further order of the court.

The trial judge was not in accord with the interpretation placed by either party upon the interlocutory order, and in this we think he was correct. Cases have been cited by counsel, and the contention is made that, where an interlocutory order makes an award for both alimony and support of a minor child, the court has no authority to make any segregation thereof when the child arrives at the age of majority.

Whatever might be said as to what would have been the rule in a situation like the one now before us prior to the enactment of chapter 112 of the laws of 1933 (Rem. Rev. Stat. (Sup.), § 988 *et seq.*), that enactment provided that any order as to alimony and the care, support, and education

of children might be modified, altered, and revised by the court from time to time as circumstances might require. The statute needed no construction or interpretation, but it has been discussed in our cases, especially *Murphy v. Shelton,* 183 Wash. 180, 48 P. (2d) 247, and *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210.

In view of the statute, we need not concern ourselves whether an interlocutory order for alimony and support for children be segregated. If the court when entering an interlocutory order has deemed it advisable to award a specified sum as alimony and support of children, authority is given by the statute when a minor child arrives at the age of majority to modify the order. If there be only one minor child, as in this case, the court has authority to terminate payments for support of the child and fix the amount of alimony to be payable to the former wife, or to terminate the alimony entirely.

We recognize the difficulty which confronted the trial court when faced with such a problem as disclosed by the record. It was necessary for the court to take into consideration the age of appellant, his present earning capacity, his remarriage, and the physical condition of his wife from the standpoint of ability to earn and assist him; also the present condition of respondent, her age and capacity to earn and be self-sustaining in whole or in part. In determining such questions and making awards, the trial court is necessarily vested with a wide discretion, and this court has declined to disturb the action of the court, unless it clearly appears from the record that such discretion has been abused.

The court made the award of sixty dollars per month until further order of the court. The award is subject to modification if subsequent change in the situation and condition of either appellant or respondent develops, and if or when conditions do change it is for the trial court to make such adjustments as then may be deemed to be necessary or proper.

The order is affirmed.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.