[No. 37165. Department Two. December 10, 1964.]

NANCY A. CROSETTO, *Respondent,* v. JOHN B. CROSETTO, JR., *Appellant.**

*Olwell, Boyle & Hattrup,* for appellant.

*Preston, Thorgrimson, Horowitz, Starin & Ellis,* for respondent.

*Reported in 397 P. (2d) 418.

OTT, C. J.—May 23, 1958, Nancy A. Crosetto was awarded a divorce from John B. Crosetto, Jr., and the care, custody, and control of the three children of the union. The decree "approved, confirmed and ratified" the "PROPERTY SETTLE-MENT, CUSTODY, AND SUPPORT AGREEMENT" of the parties, which provided, *inter alia*:

"9. Husband shall pay to Wife as alimony each month a sum equal to sixteen per cent of his base salary for such month, before payroll deductions, and before income taxes, one-half of such sum to be paid on or before the first day, and the other half on or before the 16th day, of each and every month, commencing with date hereof, and continuing until Wife remarries or dies, provided, however, that for any month during which Wife earns the gross sum of $160.00 or more in addition to such alimony payments, then the alimony payment of such month shall be reduced by 40 per cent of the amount by which her earnings exceed the sum of $160.00.

"10. Husband shall pay to Wife for the care and support of each of the children of the parties a sum equal to eight per cent of his gross earnings as determined in the previous paragraph, . . ."

October 10, 1962, John B. Crosetto, Jr., petitioned the court to modify the decree by eliminating the alimony provision.

April 11, 1963, the court found "That there is no change of circumstances which give[s] this court jurisdiction to modify the said final decree of divorce heretofore entered herein . . ."

The court dismissed the petition with prejudice. John B. Crosetto, Jr., appeals, contending that the court erred in determining that there was need for continuation of the alimony payments.

The monthly alimony award was based upon a percentage of appellant's monthly income, with a reduction predicated upon respondent's earnings, and payments were to continue until respondent's death or remarriage. This formula was agreed to by the appellant and respondent and, at their request, was approved by the court. All of the subsequent changed conditions were within the con-templation of the parties at the time of the entry of the

decree. Neither in his brief nor in oral argument did appellant point to any evidence in the record of a "changed condition" which had not been contemplated by the parties at the time the alimony payments were agreed upon and approved by the court.

Under such circumstances, and in the absence of a showing of fraud, overreaching, mutual mistake or changed conditions which could not have been anticipated, it is not the office of a petition for modification to rewrite the agreement of the parties relative to an alimony award.

■ The general rule is that the court will consider (a) the needs of the former wife and her children, and (b) the ability of the petitioner to pay, in determining whether there are changed conditions which merit modification. *Hanson v. Hanson,* 47 Wn. (2d) 439, 444, 287 P. (2d) 879 (1955). Whether need for the continuation of alimony payments has been shown to exist must be determined from the facts.

In the instant case, the evidence established that the ex-husband's income of approximately $20,000 a year was sufficient to pay the alimony award. The evidence likewise established that, in the 6-year period following the divorce, it was necessary for respondent to use $11,427.76 from her earnings and alimony payments to provide adequate support for the three children, and that both the agreed alimony and the support payments were needed to provide for her family.

We agree with the trial court that the appellant failed to prove the elements necessary to merit a modification of the alimony award.

■ Finally, appellant contends that the trial court erred in admitting evidence of his predivorce conduct, at the hearing on the petition for modification. Such evidence was irrelevant. The cause was tried to the court, and it is presumed that irrelevant evidence is disregarded. *State v Bell,* 59 Wn. (2d) 338, 360, 368 P. (2d) 177 (1962); *State ex rel. Cummings v. Kinne,* 8 Wn. (2d) 1, 9, 111 P. (2d) 222 (1941). That the court did disregard the evidence is established

by the fact that no mention of it is found in either the oral opinion or the findings of fact.

The judgment is affirmed.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.