128

CHARLES R. FORESPRING, *Respondent*, v. PATRICIA FORESPRING, *Appellant.*\*

*Miles & Level, Don Miles* and *Edward E. Level,* for appellant.

*Parr, Baker, Alexander & Cordes,* by *Frank E. Baker,* for respondent.

PER CURIAM.—Appellant assigns error to the trial court's failure to increase the child support provisions ($50 a month for each of three children) provided in a divorce decree entered January 25, 1960.

■   In *Lambert v. Lambert,* 66 Wn.2d 503, 508, 403 P.2d 664 (1965), we said:

> It is well settled in this jurisdiction, as in others, that a decree granting alimony or support can be modified only upon a showing of a substantial and material change in the condition and circumstances of the parties, occurring since the entry of the decree, relative to the factors of (1) the necessities of the divorced wife and children, and (2) the practical and realistic ability of the ex-husband to meet the obligations so imposed. *Bartow v. Bartow,* 12 Wn.2d 408, 121 P.2d 962 (1942); *Gordon v. Gordon,* 44 Wn.2d 222, 266 P.2d 786 (1954); *Hanson v. Hanson,* 47 Wn.2d 439, 287 P.2d 879 (1955); 89 A.L.R.2d 11.

> The burden of demonstrating the required change of circumstances, rests upon the party petitioning for the

*Reported in 436 P.2d 784.

modification. *Corson v. Corson,* 46 Wn.2d 611, 283 P.2d 673 (1955). And, determination of the question whether, under the evidence presented, there has been a substantial and material change in circumstances which will authorize and justify a modification in the alimony and support payments is addressed to, and rests within, the sound judgment and discretion of the trial judge, whose decision thereupon will not be reversed on appeal absent error or abuse of discretion. *Wages v. Wages,* 39 Wn.2d 74, 234 P.2d 497 (1951); *Gordon v. Gordon, supra; Hanson v. Hanson, supra.*

The trial court was called upon to deal with a marginal situation, *i.e.,* a man, a cook, with a varying gross income not in excess of $7,800 a year (with a wife and one child[1]), already paying $1,800 a year for the support of his own children. The court was required to balance the needs of his present family against the needs of his three children (a daughter, 18,[2] attending college away from home; a son, 19,[2] attending vocational school; and a son, 10,[2] in the primary grades). The emphasis seems to have been on the educational needs of the girl and the older boy. Conceivably some additional money might have been squeezed out for one or both of those children, but under the circumstances we cannot say that the trial court abused its discretion in refusing to modify the child support provisions of the 1960 decree.

The order appealed from is affirmed.

---

[1] Her child by a prior marriage.

[2] Ages as of the date of the hearing, December 15, 1966.