[No. 39426.  Department One.  August 22, 1968.]
MARYLU HUME, *Appellant*, v. DONALD F. HUME, *Respondent*.*

*Ned W. Kimball* and *David T. Ellis*, for appellant.

*Carlson & Carlson*, by *Larry Carlson*, for respondent.

McGOVERN, J.—Plaintiff Marylu Hume, now Allen, appeals from an order modifying the support provisions of a 1962 divorce decree.

By the terms of that decree, plaintiff was awarded custody of the three minor children and defendant was ordered to pay $50 per month per child for their support. The decree also approved the terms and conditions of a property settlement agreement which provided, among other things, that defendant would be entitled to claim the children as dependents for income tax purposes. Plaintiff agreed to execute the necessary tax form to support that dependency claim.

Each party later married. Mr. Hume and his present wife claimed the children as dependents for the taxable years 1963, 1964 and 1965. Plaintiff Marylu Hume Allen and her husband, Dr. Frank Allen, also claimed the children as

*Reported in 444 P.2d 804.

dependents for the same taxable years. The Internal Revenue Service rejected the claim of Mr. and Mrs. Hume and authorized the dependency exemptions for Dr. and Mrs. Allen.

Plaintiff states that she declined to consent to the dependency claim by her former husband because he would not have been entitled to the exemptions even with her consent. She urges that the revenue laws then in effect authorized the exemptions for those who provided more than one-half of the dependents' support and that she and her husband were the only persons qualified. Int. Rev. Code of 1954, § 152(a) (1).

A deficiency assessment against Mr. Hume in the approximate sum of $450 for each of the taxable years involved and the likelihood of a similar expense for subsequent years motivated Mr. Hume's petition to reduce the support award. In his petition he set forth all of the foregoing, averred other supporting facts and alleged that they constituted a sufficient change in circumstances and conditions as would support the requested modification.

The case was argued on affidavits, and in open court it was stated that Mr. Hume's present wife had an income of about $400 per month. It was also stipulated that the 1965 taxable income of the Allens was $20,000. Other facts indicated that the children were receiving the necessities of life and would continue to receive them. It was also demonstrated, however, that the burdens imposed on Mr. Hume had multiplied. He was again married, had another child and a super-added tax bill of about $450 annually.

Based on all of the foregoing, the trial court concluded "[t]hat there has been a substantial change in circumstances of the parties hereto since the entry of the Decree of Divorce herein, authorizing reduction of child support." The amount of support to be thereafter paid by Mr. Hume was then reduced to $37.50 per month per child.

Whether or not there has been a substantial and material change in circumstances as will warrant a modification of a support award is a decision that rests almost exclusively with the trial court. *Wages v. Wages,* 39 Wn.2d

74, 234 P.2d 497 (1951). And we will not disturb that decision unless it is entered on grounds either manifestly unreasonable or clearly untenable. *Gordon v. Gordon,* 44 Wn.2d 222, 266 P.2d 786 (1954).

We are satisfied that the recited facts support "a showing of a substantial and material change in the condition and circumstances of the parties, occurring since the entry of the decree [of divorce], relative to the factors of (1) the necessities of the . . . children, and (2) the practical and realistic ability of the ex-husband to meet the obligations so imposed." *Lambert v. Lambert,* 66 Wn.2d 503, 508, 403 P.2d 664 (1965). We therefore conclude that the order of modification did not constitute a manifest abuse of discretion by the trial court.

We affirm.

WEAVER, HUNTER, and HALE, JJ., and WIEHL, J. Pro Tem., concur.