[No. 2960-1. Division One. June 2, 1975.]

ELIZABETH G. SMITH, *Respondent*, v. G. NEWELL SMITH, *Appellant*.

*McMullen, Brooke, Knapp & Grenier* and *Robert E. Brooke*, for appellant.

*Franco, Asia, Bensussen & Coe* and *Edward M. Bensussen,* for respondent.

WALTERSKIRCHEN, J.*—This is an appeal from the dismissal of a petition to modify a decree of divorce by reducing child support and alimony payments and ultimately terminating the alimony.

The decree of divorce included the following provision implementing the parties' property settlement agreement:

IT IS ORDERED, ADJUDGED AND DECREED as follows:

. . .

2. Defendant [G. Newell Smith] is required to pay for alimony to plaintiff [Elizabeth G. Smith] and for the support and maintenance of NEWELL DAVID SMITH and BARBARA ELIZABETH SMITH until they are 21 years of age or are otherwise emancipated or self-supporting as follows:

a. G. NEWELL SMITH will pay to ELIZABETH G. SMITH for the support of said children, the sum of $750.00 per month while either or both are living at home plus the reasonable costs of their reasonable education expenses and medical and dental expenses.

b. If both children no longer reside at home, G. NEWELL SMITH will provide for their reasonable educational expenses and maintenance costs and will pay a minimum of $600.00 per month to ELIZABETH G. SMITH as alimony, provided that, said $600.00 payment shall not exceed ½ of G. NEWELL SMITH's average net income (which net income shall be the income after deducting taxes and expenses of education and/or medical expenses for the children of the parties).

The parties were divorced in July 1971, and appellant G. Newell Smith filed his petition to modify in September 1973. The record indicates that appellant's income has dropped from $41,740 in 1971 to $24,061 in 1973. Moreover, during the period since the parties' divorce in July 1971, appellant's expenditures for education and for medical and dental care of the children have increased appreciably, his indebtedness has increased very substantially, he has re-

---

*Judge F. A. Walterskirchen is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

married to a woman with two minor children, and his health has seriously deteriorated due to a heart problem. In support of its order entered March 26, 1974, dismissing appellant's petition to modify the divorce decree, the trial court entered findings of fact and conclusions of law, including finding of fact No. 5 which states:

> The evidence presented by the defendant [G. Newell Smith] failed to show a change of condition not within the contemplation of the parties pursuant to the terms of the property settlement agreement.

Appellant assigns error to the trial court's entry of this finding and to its failure to modify the support and alimony provisions of the divorce decree.

■ The general rule applicable to this case was stated as follows in *McKendry v. McKendry*, 2 Wn. App. 882, 884, 472 P.2d 569 (1970):

> The criterion for the allowance of alimony upon a petition for modification depends upon two factors: (1) the necessities of the wife (in this case the husband); and (2) the financial ability of the husband (in this case the wife). *Duncan v. Duncan*, 25 Wn.2d 843, 172 P.2d 210 (1946); *Gordon v. Gordon*, 44 Wn.2d 222, 266 P.2d 786 (1954).
>
> The decree granting alimony can be modified only upon a showing of a material change in the conditions and circumstances of the parties relative to these factors. *Bartow v. Bartow*, 12 Wn.2d 408, 121 P.2d 962 (1942).
>
> The changed circumstances which will justify modification of alimony must be changed conditions which were not within the contemplation of the parties at the entry of the decree. *Crosetto v. Crosetto*, 65 Wn.2d 366, 397 P.2d 418 (1964).

In this case there is no showing that the wife's need for support money and alimony was any less at the time of the hearing on the petition than it was at the time of the decree. On the other hand, the record reflects a showing that the financial ability of the appellant husband to make the payments has been diminished considerably in the intervening period of time. As we have noted, however, the trial court found that all of the changes in the financial

ability of the appellant to pay were changes within the contemplation of the parties when they entered into the property settlement which was approved in the divorce decree. In support of the trial court's finding the respondent directs us to the above-quoted provision of the property settlement agreement which was incorporated in the decree:

> b. If both children no longer reside at home, G. NEW-ELL SMITH will provide for their reasonable educational expenses and maintenance costs and will pay a minimum of $600.00 per month to ELIZABETH G. SMITH as alimony, provided that, said $600.00 payment shall not exceed ½ of G. NEWELL SMITH's average net income (which net income shall be the income after deducting taxes and expenses of education and/or medical expenses for the children of the parties).

The quoted provision is very similar to that considered in *Crosetto v. Crosetto*, 65 Wn.2d 366, 397 P.2d 418 (1964), where the court, in affirming a dismissal of a petition to modify, stated at page 367:

> The monthly alimony award was based upon a percentage of appellant's monthly income, with a reduction predicated upon respondent's earnings, . . . This formula was agreed to by the appellant and respondent and, at their request, was approved by the court. All of the subsequent changed conditions were within the contemplation of the parties at the time of the entry of the decree. . . .
>
> Under such circumstances, and in the absence of a showing of fraud, overreaching, mutual mistake or changed conditions which could not have been anticipated, it is not the office of a petition for modification to rewrite the agreement of the parties relative to an alimony award.

Here, appellant argues that the deterioration of his health and his increased expenses and indebtedness, together with the reduction in his income, constitute changes not contemplated by the parties. We do not agree, because the property settlement, by linking the alimony payment to appellant's net income, necessarily contemplates anything and

everything which might reduce appellant's income. Moreover, even if the change in appellant's health was not contemplated, it is not the type of change which would justify a modification. *See Bartow v. Bartow*, 12 Wn.2d 408, 121 P.2d 962 (1942).

The thrust of this appeal, however, is directed not to the alimony provisions of the divorce decree, but to its provisions for child support. In this connection, we note that the record indicates that one of the parties' children is still living at home with her mother, the respondent, whereas the $600 monthly alimony provision of the decree becomes operative by its own terms only "[i]f both children no longer reside at home . . ." In attacking the trial judge's failure to modify the child support provisions of the divorce decree, appellant contends that the equity powers of the trial court permit it to reduce the amount of child support even if payment was provided for by agreement of the parties. *See Thompson v. Thompson*, 82 Wn.2d 352, 510 P.2d 827 (1973); *Fleckenstein v. Fleckenstein*, 59 Wn.2d 131, 366 P.2d 688 (1961).[1] Thus, appellant contends that the trial judge's error is reflected in his oral ruling in which he stated in part:

> This has been the type of presentation that were it to be decided solely on equitable principles would dictate a contrary result than the one reached by the Court. The Court believes that the equities involved would fully justify [it] in making a reduction in the support payment. The Court could only do that by ignoring the agreement reached by the parties. The agreement contemplates a change of circumstances, and the changes contemplated have occurred.

[1] In *Thompson*, the court indicated that an agreement constituting a division of property, as distinguished from a promise of alimony payments, may not be so modified. In this case the following undisputed statement appears in the trial court's oral ruling:

> The Court has no doubt that the order involved is one for child support and alimony, and I think it is pretty clear from the property settlement agreement and the divorce decree that this was not a division of property, rather it was a matter of providing for the future maintenance of the wife and children.

Appellant asserts the trial court should have been guided by the equities it recognized. *See French v. French,* 74 Wn.2d 708, 446 P.2d 332 (1968).

▮  We have concluded that it is unnecessary for us to determine the merits of appellant's argument that equity permits the court to disregard the agreement of the parties as to child support and, further, that we need not decide whether *Crosetto* would require the enforcement of an agreement to make child support payments notwithstanding changed circumstances contemplated by the parties in making that agreement. In this case, the property settlement agreement included the following provision relating to child support payments as distinguished from alimony payments:

> It is understood and agreed by the parties that this Property Settlement Agreement shall be final and binding whether or not a divorce is granted or obtained by either party, with the exception that it is understood that *the payments called for herein for the support, maintenance and education of the minor children* of the parties are subject to the approval of the Court and *are subject to adjustment from time to time as the conditions of the parties may warrant.*

(Italics ours.) We are of the opinion that the quoted provision takes the matter of child support payments outside the scope of *Crosetto* and, therefore, the provisions for the payment of child support, maintenance and education are subject to equity principles so that changed circumstances may warrant the modification of such provisions.

The trial court properly dismissed appellant's petition insofar as it sought modification of alimony payments; however, the trial court erroneously ruled that the property settlement agreement barred the equitable reduction in payments for the support, maintenance, and education of the children. Accordingly, the order of dismissal is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

WILLIAMS, C.J., and JAMES, J., concur.