## EMMA L. WARREN v. EDWIN A. WARREN.[1]

May 19, 1911.

Nos. 17,098—(144.)

**Divorce — modification of judgment.**
> Order modifying a judgment awarding alimony in an action for divorce *held* sustained by the facts presented in the record.

**Same — construction of order.**
> The order, imposing reciprocal obligations upon the parties, must be construed as an entirety, and the several provisions thereof as dependent upon each other.

From an order, Bunn, J., modifying the judgment in an action for divorce in the district court for Ramsey county, by directing that

1Reported in 121 N. W. 379.

defendant and his wife convey to plaintiff certain real estate, and directing that the monthly payments of alimony be reduced from $60 to $40 per month, defendant appealed.   Affirmed.

*B. H. Schriber,* for appellant.

*Briggs, Thygeson & Everall,* for respondent.

BROWN, J.

This action for divorce was commenced in 1894, and resulted in judgment on May 28, 1894, dissolving the bonds of matrimony existing between the parties.   Before the entry of the judgment the parties, through their counsel, stipulated to the terms of alimony to be paid by defendant to plaintiff, and to the disposition of certain real property owned by them.   The terms of the stipulation were embodied in the judgment, and, so far as here material, required of defendant the payment to plaintiff for her support and maintenance the sum of $60 per month during the joint lives of the parties.   It also provided, to insure the necessary support of plaintiff after defendant's death, should she outlive him, that defendant cause the plaintiff to be made beneficiary in a policy of life insurance for $2,000, issued upon the life of defendant by the United Workmen, a mutual benefit association, and deliver the policy so providing to plaintiff, and, further, that he secure and obtain a policy of life insurance upon his life for the sum of $1,000 in some first-class stock life insurance company, payable to plaintiff upon defendant's death, and deliver the same to plaintiff.   The judgment also provided that plaintiff should keep the policies in force by payment from her own funds of the premiums as they became due, thus relieving defendant of all responsibility in that respect.

Defendant complied with the judgment, paid the monthly alimony, though perhaps not always promptly, and secured and delivered to plaintiff the insurance policies therein referred to.   Plaintiff has paid all premiums due upon the policies, and they are both now in force and effect.   At the time of the divorce, defendant was possessed of real property of some value, including a homestead, upon which he now resides.   He was then earning an annual salary of $2,500, and received a limited amount from the rent of property

owned by him. Subsequent to his divorce from plaintiff he remarried, and now resides with his second wife, by which marriage three children have been made members of his household. Failing health in a measure incapacitated him for labor, and his employers reduced his salary to $1,250. Plaintiff is an invalid and without means of support, except as furnished by the alimony paid her by defendant. By reason of his failing health and reduced income, defendant, in September, 1910, applied to the court below for a modification of the judgment of alimony, seeking thereby a reduction in the payments required to be made for the support of the plaintiff.

After hearing the parties, the court below made the following order: "It is ordered that said judgment be modified as follows: Defendant and his wife shall convey to plaintiff lots 13, 14, and 15 of Wharton, Blair & Miller's rearrangement of block 1 of Bald Eagle in Ramsey county, Minnesota, subject to the present incumbrance thereon. Plaintiff shall transfer and deliver to defendant, or to such person as he may name, the policy of life insurance in the United Workmen for $2,000, referred to in the judgment, and thereafter plaintiff shall be relieved from paying premiums on said policy, and shall have no beneficial interest therein. The monthly payments of alimony from defendant to plaintiff shall be $40, instead of $60, beginning October 1, 1910." From this order, defendant appealed.

An examination of the record satisfies us that the order should be affirmed. The allowance of $40 a month, and the conveyance of the Bald Eagle property, does not exceed in value one-third of defendant's property, either real or personal, and cannot be set aside as excessive in amount.

The order, imposing reciprocal obligations upon the parties, must be construed as an entirety, and the different provisions thereof dependent upon each other. Defendant is required to convey the Bald Eagle property to plaintiff, and plaintiff in turn must relinquish her rights in the Workmen insurance policy, upon the consummation of each of which the monthly allowance of alimony becomes reduced to $40, instead of $60, per month. We have no difficulty in reach-

ing the conclusion that the trial court was authorized to make the order in the terms stated. The purpose was to readjust matters between the parties, to the end that each might be proportionately relieved. To keep the policy in force necessitated an expenditure by plaintiff of about $80 a year, and this was taken from her monthly allowance. In view of defendant's physical condition, the policy in the hands of his present wife is a valuable asset, upon which she may rely for pecuniary aid in the future. Plaintiff is relieved of the burden of carrying it, and receives in lieu thereof the practically unproductive Bald Eagle property. Defendant in turn receives a substantial reduction in the alimony required to be paid by the original judgment. The order in this respect cannot be said to be an absolute mandate to the defendant. Compliance therewith by him is optional. If he concludes not to comply, then and in that event the original judgment remains in force, and he must continue the payment of $60 per month.

Plaintiff expresses her satisfaction with the order, and is prepared to comply with it by surrendering the insurance policy, upon receipt of a conveyance of the Bald Eagle property. If, by reason of the fact that his present wife refuses to join in a conveyance of that property, defendant is unable to comply with the order, his remedy is to present that fact to the court below, to the end that such other order in the premises may be made as may be found necessary and proper to meet the situation. The order is not necessarily void, as beyond the jurisdiction of the court, because to comply therewith defendant must secure the assent of his present wife.

Order affirmed.

BUNN, J., having heard the case in the court below, took no part.