## EMMA L. WARREN v. EDWIN A. WARREN.[1]

January 12, 1912.

Nos. 17,442—(177).

**Alimony — modification of decree.**

It is within the power of the court, under section 3592, R. L. 1905, subsequent to the entry of a judgment for alimony in a divorce action, to make such modifications respecting the alimony awarded as the changed conditions and circumstances of the parties may require, notwithstanding the fact that the judgment was founded upon a stipulation or agreement of the parties, entered into pending the action, fixing the award to be made in the event the court should grant the divorce.

**Stipulation respecting alimony not binding upon the court.**

Stipulations or agreements of that kind must be deemed to have been entered into in view of the authority conferred upon the court by the statute, are merged in the judgment, and are not so far contracts as to be controlling upon the court, or to preclude subsequent change, in a proper case, of the original judgment.

**Discretion of trial court.**

Whether, in such a case, a modification should be made, upon the application of one of the parties, at all, and the terms and extent thereof, rests in the sound discretion of the trial court.

**Same.**

Discretion in this case *held* properly exercised.

After the former appeal, reported in 114 Minn. 389, 131 N. W. 379, defendant moved to modify the judgment of divorce entered in 1894 by reducing the payments of alimony therein decreed and by modifying the order made December 23, 1910, so that the monthly payments of· alimony should be reduced without any requirement in connection with the order that defendant and his wife should convey any real estate to plaintiff. The motion was heard

---

[1] Reported in 133 N. W. 1009.

[Note]   Validity of agreement made after divorce as a substitute for an award of alimony, see note in 35 L.R.A.(N.S.) 1167.

by Kelly, J., who ordered that the monthly payments of alimony should be forty dollars instead of sixty dollars, the reduction to begin on October 1, 1910, and should be without requiring plaintiff to deliver to defendant or to his order the benefit certificate in the United Workmen for $2,000, and without requiring defendant to convey to plaintiff the land described in the order of December 23, 1910. From that order, plaintiff appealed. Affirmed.

*Briggs, Thygeson & Everall,* for appellant.

*B. H. Schriber,* for respondent.

BROWN, J.

1. This cause was before the court on a former appeal (114 Minn. 389, 131 N. W. 379), where the facts are fully stated. Defendant's present wife refused to join in the conveyance to plaintiff of the real property referred to in that opinion, and defendant was therefore unable to comply with the modified judgment of alimony which was there approved. Defendant then moved the court below for a further modification, resulting in the order appealed from. The present order reduced the monthly payments from $60 to $40, leaving the property rights of the parties as existing under the former judgment. A full consideration of the record leads to the conclusion that the order appealed from was within, and not beyond, the discretion of the court below, and must be affirmed.

2. It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, but not to facilitate the granting of the divorce, and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, except upon restoration of plaintiff to her position and rights before its entry. In this we are unable to concur.

Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and modifying the judgment, upon application of one of the parties. The court is not

controlled by the stipulation, and may adopt or reject it as seems consistent and proper from the situation of the parties, as disclosed by the evidence on the trial. The fact that such stipulations are usually adopted by the court does not change the situation.

At the time this action was commenced, our statutes expressly provided for the change and modification of judgments for alimony in divorce actions, and the agreement, fixing the allowance to be paid the wife in the case at bar, must be deemed to have been entered into in view of the statutes which, by implication, became a part of the same. In fact, apart from the judgment, the agreement had no validity as a contract, for it, in part at least, concerned the real property of the husband, in respect to which the parties, then husband and wife, could not, under section 3609, R. L. 1905, enter into a valid contract. So that whatever validity the agreement ever possessed arose by reason of its incorporation by the court in its judgment, and under the statute before cited was subject to alteration and change.

There is no doubt that divorced parties, subsequent to the decree, may enter into a valid agreement upon the subject of the alimony awarded by the judgment, and specifically adjust and settle all questions concerning the same, and thus remove the matter beyond the revisory control of the court, except upon some recognized equitable ground presented in an appropriate action or proceeding. But no such immunity can attend the prior stipulation. Of course, the subject might be regulated by statute. We have no statute touching the question. The cases of McAllen v. McAllen, 97 Minn. 76, 106 N. W. 100, and McAllen v. Hodge, 94 Minn. 237, 102 N. W. 707, did not involve this question, and are not in point.

We therefore hold that, notwithstanding the fact that a judgment for alimony may be based upon a stipulation of the parties, the court, under section 3592, R. L. 1905, has authority to make such modifications in respect to the alimony awarded as the changed conditions and circumstances of the parties may from time to time require.

Whether, in any case, a modification should be made at all, and

the terms, and extent thereof, rests in the discretion of the trial court, an abuse of which does not appear in this case.

Order affirmed.