## ALDRICH *v.* ALDRICH.

DIVORCE — ALIMONY — MODIFICATION OF DECREE — CHANGED CONDITIONS.

> In a petition under 3 Comp. Laws 1915, § 11417, by a divorced husband praying to be relieved from further payments of alimony to his divorced wife because of changed circumstances of the parties, the order of the court below granting petitioner's prayer, based on the finding that he could not well pay more without impoverishing himself, *held,* justified by the record.[1]

Appeal from Wayne; Webster (Clyde I.), J.   Submitted October 14, 1925.   (Docket No. 70.)   Decided December 22, 1925.

Petition by Thomas B. Aldrich against Fanny Aldrich under 3 Comp. Laws 1915, § 11417, to be relieved from further payments of alimony.   From an order granting the petition, defendant appeals.   Affirmed.

---

[1]Divorce, 19 C. J. § 619.

Modification of amount of alimony because of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

Alimony as affected by remarriage, see notes in 30 A. L. R. 79; 37 A. L. R. 441.

*Lucking, Helfman, Lucking & Hanlon,* for plaintiff.
*Ralph S. Moore,* for defendant.

BIRD, J.    Plaintiff filed his petition under 3 Comp. Laws 1915, § 11417, praying to be relieved from further compliance with a decree for alimony made in the Wayne circuit court in 1908.    The parties were married in 1893, and lived together until some time in 1908.    There were two daughters born to them.    In 1908 their disagreements culminated in a decree of divorce to the wife on her cross-bill.    The terms of alimony were agreed upon by the parties and incorporated in the decree.    It gave the custody of the young daughters to the mother, gave her all the household furniture, and provided that plaintiff should transfer to her 100 shares of stock of Parke, Davis & Company, subject to an incumbrance of $25 a share. It provided a payment of $125 a month, and further provided that plaintiff should take out a life insurance policy for $3,000, payable to defendant, at an annual cost of $60.    These provisions were complied with until January, 1910, when plaintiff applied to the court for a modification of the provision for alimony.    This petition was contested on the ground that the young daughters, who were of the ages of 13 and 16, were in school in Europe, and that defendant was in poor health and unable to support herself.    At that time plaintiff was employed by Parke, Davis & Company as an expert chemist, and was receiving $3,000 a year.    About a year after the divorce plaintiff was remarried.    After taking into consideration all of the circumstances the trial court refused to modify the decree.    On appeal to this court the monthly payment of $125 was reduced to $90, and the remainder of the decree was allowed to stand (166 Mich. 248).

Plaintiff filed this petition in December, 1924, claiming the circumstances had so changed since 1910 that he ought to be relieved altogether from the payment

of alimony.   Defendant contested the petition, and after a very full hearing the trial court granted the prayer of plaintiff's petition.   Defendant has appealed from that order, and claims that the amount of alimony should be increased rather than diminished, as plaintiff is now receiving $375 a month, and she is in poor health and is unable to support herself, and needs medical attention.   Plaintiff shows that when the decree was granted their two daughters were in school in Europe and had to be reared and educated; that defendant is now relieved of that duty, as both of the daughters were married and had homes of their own, in the city of Baltimore; one of the said daughters, however, is now deceased.   Plaintiff further shows that defendant is a woman now 47 years of age, and that he is 16 years older, with a wife to support and a son, 15 years of age, to support and educate.   It is further shown that defendant resides in the city of Baltimore, is in good health, is well educated, is able to speak French and German, and is well qualified to earn a comfortable living for herself.   It is further shown that she has received during the years the sum of $19,385 as alimony; that she has received $2,000 in cash dividends from the Parke, Davis & Company stock and that had she conserved the stock and stock dividends they would now be worth $13,500.   Besides this plaintiff has paid $600 in insurance premiums for her benefit. Defendant replies to this that she was obliged to sell the stock to educate the children.   Plaintiff also shows that he is now nearing the age of retirement, and will receive, when retired, from $1,200 to $1,800 a year; that his home is only partially paid for, and that the bulk of what has been paid thereon was paid by his present wife; that he has no other property, and that he has some physical troubles which will require an operation in the near future.

Considering the financial circumstances and earning power of plaintiff, we are of the opinion that defendant has received a bountiful share of plaintiff's income during the last 17 years. Had defendant educated her children in America, and saved the expense of ocean voyages, lived within her means, and conserved her shares in Parke, Davis & Company, she would now be in comfortable financial circumstances. While the testimony as to her health is somewhat in conflict, we are satisfied that she is now in reasonably good health, and with her acquirements she is able to earn a comfortable living for herself. Plaintiff is getting to be an old man, with practically nothing laid aside for his declining years. He is desirous of aiding his boy to a college education, and is anxious to get his modest home paid for. In 1908 he gave her practically all the property he had, and since has paid her $19,385. If her income from the stock be added to this she has realized about $2,000 a year since 1908. The trial court was persuaded that plaintiff could not well pay more without impoverishing himself. We are inclined to the same opinion and, therefore, will not disturb the conclusions of the trial court.

The order of the trial court is affirmed.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.