[No. 20149. Department Two. January 6, 1927.]

W. H. SHATTUCK, *Respondent*, v. JOSEPHINE SHATTUCK, *Appellant*.[1]

[1] DIVORCE (106)—SUPPORT OF CHILDREN—MODIFICATION. It is not an abuse of discretion to reduce the allowance for the support of two boys, seven and eight years old, from $50 to $20 a month, where, after some years, the husband's circumstances were materially changed through his remarriage and four young children of such marriage in connection with a decrease in his annual earnings.

Appeal from an order of the superior court for King county, Frater, J., entered May 20, 1926, granting a petition to modify a decree of divorce respecting the support of children, after a hearing before the court. Affirmed.

*James R. Chambers,* for appellant.

*Palmer, Askren & Brethorst,* for respondent.

BRIDGES, J.—In August, 1918, the respondent and the appellant were divorced. The latter was given the care and custody of the only children, two boys, who were then, respectively, seven and eight years of age. The decree required the respondent to pay alimony to the appellant for the care and custody of the children, and for her own use, in the sum of fifty dollars a month. The respondent has paid this alimony monthly until, in April, 1926, he petitioned the court to be relieved of paying it. Prior to the present petition and during the year 1924, he had made a like petition to the court, which, after a hearing, was denied.

In September, 1919, the respondent was remarried and now has four children by the second marriage. At the time of the hearing which we are reviewing, the

[1]Reported in 251 Pac. 851.

respondent was about forty-four years of age, and the appellant somewhat younger. At that time the two boys, who were the issue of the marriage between the parties to this proceeding, were sixteen and seventeen years of age, respectively, and the four children by the second marriage were aged, respectively, six years, four years, two years, and six months.

The court granted the respondent's petition for a modification of the amount of alimony to the extent of reducing it from fifty dollars to twenty dollars per month. The former wife, being dissatisfied, has appealed.

[1] During recent years, the appellant and her two boys have been living in Seattle, and the respondent and his present family have been living on a farm near the town of Shine, in this state. When the original divorce was obtained and when the hearing for a modification of the alimony was heard in 1924, the respondent was earning a salary on the farm which he was running of one hundred twenty-five dollars a month. During the year preceding the last hearing, his income had become less. Instead of receiving a salary, he was given the use of a two-hundred-acre farm, of which there were some twenty or thirty acres of tillable land, in consideration of looking after and caring for some live stock on the farm belonging to the Puget Mill Company, the owner of the farm. The trial court found that, during the year immediately preceding the hearing, the respondent had made $1,007 net. We have read all the testimony, although it is not greatly in dispute. It is quite plain to us that, at least in the immediate future, the respondent's net income will not be materially greater than during the last year. In other words, it now looks as though the respondent's net income for some time in the future would be in the neigborhood of eighty-five dollars a month. Of course,

he and his present family get much of their living from
the farm, and their expenses are not so great as they
would otherwise be. But there are four small children
who are not capable of helping themselves. On the
other hand, the appellant is capable of earning some-
thing, and her two boys are also capable of doing more
or less work and earning something, notwithstanding
they are not very strong. Under these circumstances,
we cannot say that the trial court abused his discretion
in cutting down the alimony from fifty dollars to
twenty dollars a month. It was the duty of the court to
make a fair division of respondent's income between
the two families, and we think he has done this.

Appellant quite strenuously argues that the respond-
ent had no right to remarry and thus attempt to avoid
his duty to his first family. It may be that he ought
not to have remarried, but he did, and has brought into
the world four additional children. He has as much
duty to, and the court has as much interest in, those
children as those of the first marriage. It is not so
much a question as to what his needs are as to what
are the needs of all of his children. Since the hearing
in 1924, the circumstances have materially changed.
Another child has been added to respondent's family,
his two older boys have reached an age when they can,
at least to some extent, help themselves, and his income
is less. His younger children have greater need of his
aid than his older ones. The income should be divided,
not necessarily equally among the children, but accord-
ing to their respective needs.

Under all the circumstances, we feel convinced that
the trial court has made a fair division of the prospec-
tive immediate future income of the respondent, and
for that reason the judgment is affirmed.

TOLMAN, C. J., PARKER, HOLCOMB, and MACKINTOSH,
JJ., concur.