RUTH E. RANDALL v. JOHN A. RANDALL.[1]

June 20, 1930.

No. 27,936.

*J. H. Whitely,* for appellant.
*O. S. Andresen,* for respondent.

TAYLOR, C.

The plaintiff and defendant were divorced in August, 1926, by a decree which gave plaintiff the care and custody of their four children and awarded her the possession, use and income of the

[1]Reported in 231 N. W. 413.

dwelling house she then occupied and the sum of $15 per week as alimony. In October, 1927, the decree was amended by awarding the possession of the dwelling house to defendant and requiring him to pay plaintiff the sum of $100 per month. In November, 1928, defendant made an application for a further amendment of the decree, and at the hearing, by stipulation of the parties, the court made an order that defendant should convey to plaintiff the lot on which the dwelling house and another small cottage were situated "in lieu of all alimony and support money for the minor children." The conveyance was made, and defendant then rented the property from plaintiff at the rate of $55 per month. The value of the property seems to be somewhere between $3,000 and $4,000. It is encumbered by a mortgage of $1,500. In November, 1929, plaintiff made an application to have the decree amended by directing that she reconvey the property to defendant and that he be required to pay her the sum of $75 per month, setting forth that she had become crippled and unable to earn; that she had no property or money and no income except the rentals paid by defendant; that she was unable to pay the taxes on the property or the interest on the mortgage; and that the rental received was insufficient to support herself and the three children who were still minors. The defendant, who had remarried, filed an affidavit in which he asserted that he lacked the means to make the payments demanded. The court made an order amending the decree by directing that the plaintiff execute and deliver or tender to the defendant a deed of the property, and that the defendant pay her the sum of $35 per month as alimony and the further sum of $45 per month for the maintenance of the three minor children. Defendant appealed from the order.

Defendant contends that the order of November, 1928, having been made pursuant to the stipulation of the parties, became conclusive and final and is not subject to revision by the court. This position is untenable. The statute expressly empowers the court to revise, alter and amend from time to time the provision for alimony and the support of the children. G. S. 1923 (2 Mason, 1927) §§ 8597, 8603. The fact that the provision for alimony and support of the children was agreed upon by the parties and was incorporated

20

in the decree pursuant to a stipulation made by them does not affect the power to make subsequent changes therein conferred upon the court by the statute. Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Sessions v. Sessions, 178 Minn. 75, 226 N. W. 211, 701; 58 A. L. R. 639, and numerous cases there cited.

Defendant's comments upon the evidence relate to matters which were for the consideration of the trial court in determining the facts. They present no questions for this court. The plaintiff is allowed $100 as attorney's fees in this court.

Order affirmed.