LUKE P. VASSAR v. MARIE A. VASSAR.[1]

January 20, 1939.

No. 31,934.

[1]Reported in 283 N. W. 483.

*A. B. Childress,* for appellant.

*Frank J. Collins,* for respondent.

HOLT, JUSTICE.

A decree of absolute divorce on the ground of desertion was entered December 21, 1935. There had been a stipulation as to alimony, which was embodied in the decree, of $110 to be paid defendant by plaintiff on the first day of each month for three years after the filing of the decree, and thereafter $75 a month "or as much of that sum as may be necessary to bring the income of Mrs. Vassar up to the sum of $100 per month," the same to continue until the income of defendant reaches $100 per month or until such time as she may remarry. In July, 1937, plaintiff applied for a modification of the decree as to alimony so as to reduce it to $40 a month. The application was denied in October, 1937, by Judge Senn, who had granted the divorce. In April, 1938, an application of defendant to have plaintiff adjudged guilty of contempt for failure to pay alimony was heard by Judge Johnson, sitting in place of Judge Senn, and an order made that plaintiff pay the sum of $495. It appears that a money judgment for this sum had been entered March 16, 1938. On July 25, 1938, an application of plaintiff for the modification of the decree as to alimony was heard by Judge Moriarty, sitting for Judge Senn, who made an order not only striking out the two paragraphs relating to alimony in the decree, but also ordered "that plaintiff pay defendant the sum of fifty dollars on or before the 15th day of August, 1938, in full, permanent and final release, satisfaction and discharge of all sums of money now or heretofore, or ever to become due and owing defendant from plaintiff as and for permanent alimony under or pursuant to the judgment and decree of divorce entered in the above entitled cause on December 21, 1935, and in further full, permanent and final release, satisfaction and discharge of the money judgment entered in the above entitled court on the 16th day of March, 1938, in favor of defendant and against plaintiff in the sum of $495.00,"

etc. and also a cancellation of the order of Judge Johnson of April 29, 1938, directing plaintiff to pay defendant $495.

No ground was stated in the motion for the modification of the decree except that it is "based upon the affidavit of plaintiff herein, and exhibit thereto attached, and upon all the files, records and proceedings heretofore had in the above entitled matter." The exhibit attached is a contract executed by the parties under date of August 29, 1934, whereby they agreed to live separate and apart for four years from that date, on condition that plaintiff pay defendant $90 monthly for her support and $320 each year for tuition and school expense, and on condition that defendant take a four-year course in music and designing of clothing at Columbia University, New York City. The affidavit states that she violated this agreement, abandoning the university course after two months' attendance on the plea that ill health and failing eyesight prevented her studying. The affidavit also set forth that plaintiff was a seed analyst employed by a nursery company at Faribault shortly after the marriage of the parties in 1921, and earning $233 a month at the time of the divorce; that in 1930 defendant began such conduct in the community as continually to embarrass plaintiff, and in the spring of 1934 took a trip to New York City, returning to Faribault in August, 1934, being more discontented with affiant, intensifying her treatment of affiant and indiscretions in the community (it is not stated what her conduct was in fact). The affidavit appears to convey the thought that plaintiff was forced or cajoled by defendant's importunities into the agreement of August 29, 1934; that after its execution she returned to and has since remained in New York City except for a trip to Porto Rico; the affidavit also states that defendant is a hypochondriac, but otherwise she is not in ill health. The affidavit then avers that plaintiff was earning $233 after his divorce and continued his residence in Faribault, and states "that after the divorce affiant continued to suffer humiliation and embarrassment in the community by virtue of the defendant's prior conduct therein, to such a degree that affiant could no longer continue as a resident of Faribault and quitted his employment aforesaid and removed to Minneapolis." The affidavit then

goes on to say that since May 1, 1938, he has been employed by a corporation with headquarters at Dassel, Minnesota, at a salary of $125 a month and traveling expenses, but has no money invested in the business except one share of stock and the opportunity of acquiring such interest if the venture proves successful as a result of plaintiff's efforts.

The law is well settled that to warrant a modification of the alimony fixed by a divorce decree there must be proof of such a substantial change in the situation of the parties from that in which they were when the decree was rendered as to justify a modification. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2805. The showing here in this affidavit is absolutely barren of any proof of inability of plaintiff to pay the alimony he voluntarily stipulated should be decreed. He knew when he sued for a divorce what humiliation in Faribault he had to endure by a decree. Defendant has not lived there since and has not by her conduct added to his embarrassment there. The agreement of August 29, 1934, and its breach can have no bearing on the right to have the decree modified. That agreement was wholly superseded and rendered void by the stipulation for the alimony provisions embodied in the decree. Plaintiff was fully aware of the breach by defendant, if any, of the separation agreement when he sued for the divorce and stipulated for the alimony decreed. Instead of plaintiff being misled by defendant, it is clear now that plaintiff has wrongfully procured an absolute divorce to which he was not entitled, and he is not in position to ask leniency of the court. He must know, and his attorney must know, that the agreement of August 29, 1934, barred a divorce on the ground of desertion for the full four years it was to be in force.

Upon the showing made by plaintiff there was absolutely nothing to justify the cancellation of Judge Johnson's order requiring payment of $495 alimony in arrears and for which a personal judgment had been entered against plaintiff. There had been no appeal from that order. It was filed April 30, 1938. In the motion submitted to Judge Moriarty, less than three months later, there was no hint that Judge Johnson's order was to be attacked, or that

the judgment entered therefor was to be satisfied, or that defendant should be forever barred of support from plaintiff. It is true that even where there is, as here, a stipulation as to alimony incorporated in the decree, the court has power to modify the same as changed conditions may require. Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Randall v. Randall, 181 Minn. 18, 231 N. W. 413; Erickson v. Erickson, 181 Minn. 421, 232 N. W. 793. However, there is no legal reason given in plaintiff's affidavit for disturbing either Judge Johnson's order or for the cancellation or satisfaction of the personal judgment entered for the arrears of the alimony.

Plaintiff's counsel claims that the sheriff's return of the execution wholly unsatisfied in the $495 judgment, above referred to, is evidence of plaintiff's insolvency justifying the court without other proof to make the modification ordered. There is not a word in plaintiff's affidavit upon which his motion was based that he was without means. His reason for voluntarily leaving a well paying position in Faribault for one of the same sort in Minneapolis paying less than half of the former does not appeal to us to be genuine or true. It is more likely that he anticipates that the new employment will in a short time be more remunerative than the old.

Another feature of the order is to be noted. There is an award to defendant of $50 as attorneys' fees, not payable to the attorney, but to defendant in satisfaction of the judgment for alimony in arrears and in bar of every future claim to alimony or support. This indicates an erroneous conception of the statutory power of the court over alimony—an attempt to bar all future control by any court of the alimony in this action. Plaintiff sought to take advantage of this provision in the order before it was filed, for the $50 in the form of a money order was sent by plaintiff without any letter of explanation accompanying it to defendant at New York City and there received by her the day before the order was filed. She cashed the same in the belief that it was intended to apply upon the alimony awarded as in the case of remittances previously sent by plaintiff to defendant at her New York address.

In our opinion the order shows an abuse of judicial discretion and utter absence of proof that would justify a modification of the decree in respect to alimony.

The order is reversed.