ESTHER RUTH MARK v. HILBERT MARK.

80 N. W. (2d) 621.

January 11, 1957—No. 36,958.

*Robins, Davis & Lyons* and *Sidney S. Feinberg,* for appellant.
*Harry H. Peterson,* for respondent.

MATSON, JUDGE.

Appeal from an order amending a divorce decree by reducing the monthly alimony payments from $175 to $135. The sole issue is whether the trial court abused its discretion in so doing.

Plaintiff on July 19, 1951, was granted an absolute divorce on the ground of cruel and inhuman treatment. Custody of an 18-year-old daughter was granted to the plaintiff. Pending the action the parties executed and filed a written stipulation whereby they agreed, subject to the approval of the court, that defendant, in the event of a divorce, should pay plaintiff (1) $50 per month for the support of said child until she reached her majority or should marry or become self-supporting, and (2) alimony of $175 per month. In

expectation that plaintiff would pursue gainful employment herself, it was further stipulated that, unless she earned in excess of $100 per month, her employment should not be considered such change in her financial circumstances as to justify any future reduction of alimony and that, if she earned more than $100, only the amount in excess thereof should be considered as indicative of a change in her circumstances. The trial court in its findings of fact referred to the stipulation and stated that its terms were adopted. The stipulated support and alimony payments were implemented by the court's conclusions of law and were incorporated in the final decree. No mention, however, was made in either the conclusions of law or in the decree of the provision that monthly earnings by the wife of $100 or less should not be considered a change of circumstance as a basis for any future reduction of alimony.

On the ground that the financial condition of both parties had changed so substantially since the original decree that a modification of the alimony payments was warranted, defendant on December 29, 1955, moved the court to reduce the alimony payments to the sum of $75 per month for three years or in lieu thereof to satisfy the alimony obligation by paying plaintiff a lump sum of $2,500 or such other sum as the court should find just and equitable. This appeal is from the court's order granting defendant's motion to the extent of reducing the monthly alimony payments from $175 to $135.

Plaintiff contends that we do not have here a sufficient change in circumstances, especially in view of the parties' stipulation as to earnings of the wife not in excess of $100, to justify a reduction in alimony and that the court therefore abused its discretion. In passing on this issue, we first turn to a consideration of the present circumstances of the parties as contrasted with their circumstances when the divorce was granted.

Plaintiff's gross income from employment as a salesclerk in 1951, the year in which the divorce was granted, was $478.73. Her earnings have since steadily increased until in 1955 they totaled $1,401.50. In addition, since the marriage of the child of the parties in June 1954, plaintiff has not been required to maintain a home for said child.

Defendant alleges that plaintiff is able to accept full employment whereby she could earn $180 per month. While plaintiff admits that she has refused full-time employment, she contends that defendant is fully cognizant of her inability to maintain full-time work because of a weak back.

Defendant, on the other hand, has remarried and has a son who is two and one-half years of age. Since March 31, 1954, when the daughter of the parties reached her majority, defendant has been relieved of his obligation to contribute $50 per month for her support. Defendant is a doctor presently employed by the State of Minnesota. His earnings have increased from $780 per month at the time the divorce was granted to $844 monthly as of January 1956.

Pursuant to the terms of the stipulation which were incorporated in the divorce decree, defendant, in addition to paying plaintiff monthly alimony, was required to keep in force a $10,000 life insurance policy designating the plaintiff as the primary beneficiary. He also was required to transfer to her certain moneys on deposit in postal savings and in a building and loan association. Also, certain government bonds were transferred to the plaintiff for the sole benefit of their child and a lot was transferred to the child. Little consideration need be given to the transfer of the aforesaid savings, bonds, and lot.

■ A petition to modify the alimony provisions of the divorce decree is addressed to the sound discretion of the court, and, although its discretionary power of modification is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those in which they were when the decree was rendered,[1] its decision will be reversed only for an abuse of discretion[2] and not simply because as a court of review we would have arrived at a contrary result had we heard the matter de novo. Whether a trial court has used a

---

[1]Kate v. Kate, 234 Minn. 402, 406, 48 N. W. (2d) 551, 554; McKey v. McKey, 228 Minn. 28, 36 N. W. (2d) 17; Hagen v. Hagen, 212 Minn. 488, 4 N. W. (2d) 100; 6 Dunnell, Dig. (3 ed.) § 2805.

[2]Kate v. Kate, supra; Botkin v. Botkin, 247 Minn. 25, 77 N. W. (2d) 172; 6 Dunnell, Dig. (3 ed.) § 2805.

sound discretion in exercising its broad statutory powers (M. S. A. 518.64) to revise the alimony fixed by a final decree depends upon whether the record reasonably and clearly supports a finding that the circumstances of the parties have so materially changed since the divorce that modification is equitable.[3]

Although the fact that the court in its final decree adopted the alimony provisions of a stipulation entered into by the parties pending the action is entitled to considerable evidentiary weight in passing upon an application for alimony revision, the stipulation is, nevertheless, purely advisory to the court and does not limit or deprive it of its discretionary power of determining whether a future change of circumstances warrants revision. A court-adopted stipulation is to be given such evidentiary weight as will make the court more reluctant, than it would otherwise be, to modify the original alimony provisions. Stipulations of this kind are deemed to have been entered into in view of the authority conferred upon the court by the statute and are merged in the judgment, and are not so far contracts as to be controlling upon the court or as to preclude subsequent change, in a proper case, of the original final decree.[4] It follows that the parties cannot by their stipulation bind the court as to what change of circumstance shall or shall not justify a change in alimony.

In applying the foregoing principles to the instant case, it is not to be overlooked that the subsequent remarriage of a divorced husband, as his own voluntary act, is not of *itself* a circumstance which justifies a revision of alimony.[5] Despite many sweeping statements to the contrary, a trial court obviously does not, and cannot, wholly ignore the needs of innocent children who are born of a

[3]See, 6 Dunnell, Dig. (3 ed.) § 2805, and cases therein cited.

[4]Warren v. Warren, 116 Minn. 458, 133 N. W. 1009; Erickson v. Erickson, 181 Minn. 421, 232 N. W. 793; Vassar v. Vassar, 204 Minn. 326, 283 N. W. 483; see, 15 Minn. L. Rev. 347 (as to property agreements incident to divorce, see 37 Minn. L. Rev. 395); 6 Dunnell, Dig. (3 ed.) § 2805.

[5]Quist v. Quist, 207 Minn. 257, 290 N. W. 561; Williams v. Williams, 221 Minn. 441, 22 N. W. (2d) 212; 6 Dunnell, Dig. (3 ed.) § 2806, p. 162; Id. § 2805a.

divorced husband's remarriage. Their needs, especially where the children of the prior marriage have become self-sustaining and the divorced wife is capable of pursuing gainful employment, is a circumstance which may indirectly bear upon the propriety of a revision in alimony despite the fact that the father himself, by his voluntary act in begetting another family, is usually entitled to little judicial consideration when he seeks relief from the burdens of his former marriage.[6] A trial court's sound discretion in solving marital problems should not be shackled by rigid rules which prevent a recognition of the needs of innocent children whether they be born of a first or of a second marriage. Children born of the second marriage, like the children of the first, are not responsible for their existence and are equally dependent upon their father for support.[7] As pointed out by the annotator in Annotation, 30 A. L. R. 79, 80, it is apparent that this court in Warren v. Warren, 114 Minn. 389, 131 N. W. 379, in approving a revision of alimony, took into consideration—without expressly saying so—the needs of three children born of a divorced husband's remarriage. Consideration of the needs of such children does not mean that the necessities or wants of the first wife will be unreasonably curtailed or ignored. Several other courts have been realistic enough likewise to recognize the rights of second-marriage children, as innocent third parties, as a circumstance to be considered in passing upon an application for the revision of alimony.[8]

In the present case, we are not unmindful of the fact that the trial judge who ordered a reduction in alimony also presided over the trial which granted plaintiff a divorce. He has had an advantage,

[6]See, Toncray v. Toncray, 123 Tenn. 476, 496, 131 S. W. 977, 982, 34 L.R.A.(N.S.) 1106, 1114, Ann. Cas. 1912C, 284, 289; Shattuck v. Shattuck, 141 Wash. 600, 251 P. 851.

[7]See, Morrison v. Morrison, 208 Iowa 1384, 227 N. W. 330.

[8]See, Morrison v. Morrison, 208 Iowa 1384, 227 N. W. 330; Aldrich v. Aldrich, 232 Mich. 695, 206 N. W. 482; Eddy v. Eddy, 264 Mich. 328, 249 N. W. 868; Dietrick v. Dietrick, 99 N. J. Eq. 711, 134 A. 338; Toncray v. Toncray, 123 Tenn. 476, 131 S. W. 977, 34 L.R.A.(N.S.) 1106, Ann. Cas. 1912C, 284; Shattuck v. Shattuck, 141 Wash. 600, 251 P. 851; Hampton v. Hampton, 86 Utah 570, 47 P. (2d) 419.

not possessed by this court, of directly observing and passing upon the needs of the plaintiff as modified by her own capacity to pursue gainful employment. Although the case is a close one, we cannot say that there has not been a sufficiently clear change of circumstances to justify a reduction in alimony. The trial court, upon the conflicting evidence, could reasonably find that the plaintiff is not only able to continue but to increase the amount of her gainful employment. Her time and energies are no longer consumed in maintaining a home for her daughter. These circumstances, coupled with the fact the infant son of the defendant's second marriage is entitled not only to support but also to have reasonable provisions made for his future education, indicate a sufficiently substantial change of circumstance to warrant a reduction in alimony. We find no abuse of discretion.

Plaintiff is awarded $300 attorney's fees upon this appeal.

The order of the trial court is affirmed.