## LOIS S. MOSS v. HOWARD B. MOSS.

143 N. W. (2d) 844.

July 1, 1966—No. 39,895.

*Fine, Simon & Schneider, Ralph S. Schneider,* and *Ronald L. Simon,* for appellant.

*Nilva, Shaw & Frisch, Irving Shaw,* and *Ray Flader,* for respondent.

FRANK T. GALLAGHER, C.

Plaintiff appeals from an order of the district court amending a decree for divorce with respect to the amount of child support payments and visitation rights of the defendant father. The only question for determination is whether the trial court was justified in modifying the divorce decree, entered into one year earlier by stipulation of the parties, by reducing child support payments and increasing visitation rights of the father. There was no oral testimony; the matter is presented on the affidavits of the parties, the files, records, and proceedings.

Plaintiff, Lois S. Moss, and defendant, Howard B. Moss, were married in December 1955 and lived in St. Paul. One child, Cynthia, was born of this marriage in April 1957. Plaintiff brought this action for divorce against defendant in January 1963, at which time they were respectively 25 and 27 years of age. At the commencement of the action,

the trial court, pursuant to a stipulation of the parties, entered a temporary order providing for plaintiff's custody of the child, subject to reasonable visitation; her exclusive use of their joint-tenancy homestead and household goods; defendant's payment of $200 per month temporary alimony and child support and about $143 a month as home mortgage payments; defendant's right to sell the homestead and require plaintiff to join in the sale, out of which proceeds she was to receive $2,500 for the purchase of a home for herself and their child, defendant to use from the proceeds a sufficient amount to save plaintiff harmless from payment of certain enumerated debts aggregating about $6,000. The order also provided for an increase in the temporary alimony and child support payments to $275 a month when plaintiff vacated the home following the sale and for plaintiff's temporary attorneys' fees and costs.

Pursuant to an order to show cause on plaintiff's motion based on defendant's default in payments, the court on May 23, 1963, ordered judgment against defendant for arrearages in alimony and child support, and ordered the payment by defendant of plaintiff's attorneys' fees and the payment to her of a $246 tax-refund check. Thereafter, the defendant served a notice of motion wherein he sought modification of the temporary order referred to above. Apparently this motion was never brought on for hearing as no order was issued.

In any event, on November 30, 1963, the parties entered into a stipulation wherein the defendant waived the right to answer the complaint and consented to submission of the cause as a default matter and specifying that, subject to the court's approval, the decree should incorporate provisions to the following effect: (1) Plaintiff to have custody of the child, subject to reasonable visitation by the defendant; (2) defendant to pay $150 a month for child support and deposit $25 a month in a savings account for the benefit of the child for higher education and major medical and other personal needs of the child; (3) defendant to save plaintiff harmless from debts enumerated in the order of January 8, 1963, and pay the same out of proceeds from the sale of the home; (4) defendant to pay $25 a month alimony, to be increased to $100 a month when plaintiff vacated the homestead after its sale; (5) defendant to receive the homestead but to pay plaintiff $2,500 upon its sale; (6) pending the sale

and the vacating of the homestead by plaintiff, defendant to pay all mortgage payments thereon amounting to about $147 a month; and (7) plaintiff to receive all household goods and furnishings. Each party was to keep all money, bonds, or other assets then in his possession or registered in his name free from any claim of the other, and defendant was to maintain for the benefit of the child a health and hospitalization policy then in effect under his employer's group coverage or, if terminated, to replace it with equivalent coverage.

The trial court approved that stipulation and adopted it in its findings and the judgment and decree entered on February 13, 1964.

On March 5, 1965, defendant moved the court to amend the divorce decree by (1) reducing the amount of child support from $175 per month to an amount which defendant is able to pay; (2) setting specific times when defendant can exercise his right of visitation so as to include regular weekly and special holiday times; and (3) providing such other relief as the court deemed just and equitable.

The matter was heard before the court on March 17, 1965, whereupon the court ordered the decree amended as follows: (1) That the amount to be paid for the support of the child be reduced to $100 per month commencing March 1965, and that in addition the defendant shall establish a savings account in trust for the child in which he shall deposit $50 each month commencing with March 1965, with no withdrawals without an approval order of the court, and that evidence of the deposits shall be furnished by defendant to plaintiff, her counsel, or the court; and (2) that defendant's right of reasonable visitation with the child shall include his right to visit with her between the hours of 12 noon and 6 p. m. on one day a week and alternating on Saturday and Sunday of each succeeding week, provided, however, that the defendant with the consent of the plaintiff may continue to visit the child on Sundays and commencing on such hour of said day as is necessary to transport the child to Sunday school while she attended such school in St. Paul. The defendant shall also have the right to have the child with him for visitation with her for 2 weeks during the summer school-vacation period, which may be divided into separate periods, and that he have the right to visit her on one holiday each year that the defendant selects. The court also ordered him

to pay $100 for plaintiff's attorneys' fees in connection with the motion. No memorandum was attached to the court's order.

Minn. St. 518.64 provides that after an order or decree for temporary or permanent alimony or support money—

"* * * the court may from time to time, on petition of either of the parties revise and alter such order or decree respecting the amount of such alimony, or support money, and the payment thereof, * * * and may make any order respecting these matters which it might have made in the original action * * *."

We have said before that the trial court is vested with discretionary power to modify a divorce decree "upon clear proof of facts showing that the circumstances of the parties are markedly different" from those at the time the decree was rendered, and we will reverse its decision "only for an abuse of discretion and not simply because as a court of review we would have arrived at a contrary result had we heard the matter de novo."[1] Recently we added, "Over the years we have been reluctant to interfere with the trial court's discretion in amending * * * a divorce decree, particularly with respect to support for children."[2]

So tested, and in view of the record before us, we are satisfied that the circumstances of the parties between February 13, 1964, the date of the divorce decree, and March 29, 1965, the date of the order modifying the decree, were sufficiently different to sustain the trial court's exercise of discretion in modifying the decree. The court had before it both the affidavit of defendant and the counteraffidavit of the plaintiff and from this evidence could find that defendant made all support, alimony, and other payments required of him by the original divorce decree; that he intended in good faith to pay $300 in joint obligations yet unpaid; that he owned no real estate or personal property excepting about $150 in household goods; and that his obligations under the original decree have been met only at great sacrifice to himself inasmuch as he was unable to purchase needed

---

[1] Mark v. Mark, 248 Minn. 446, 449, 80 N. W. (2d) 621, 624. See, also, Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. (2d) 652.

[2] Kiesow v. Kiesow, 270 Minn. 374, 380, 133 N. W. (2d) 652, 658, and cases there cited.

clothing, indulge in any luxuries, live in a suitable residence, or obtain reasonable necessities. Defendant's affidavit included only incidental reference to the fact of plaintiff's remarriage, and the court's order modifying the decree made no such reference. It is clear, therefore, that plaintiff's remarriage was not the only change in circumstances claimed by defendant or indicated by the court as ground for modification of the decree but was merely one of a number of factors (particularly defendant's financial sacrifices) considered. As we have pointed out:

"* * * It is obvious that both with respect to the support of children and alimony the court make take into consideration a variety of factors * * *."[3]

The same may be said, we feel, with respect to visitation rights. It is therefore unnecessary for us to pass upon the question posed by plaintiff whether remarriage of the mother is, alone, sufficient to justify reduction in child support payments.

As we find no abuse of discretion in the trial court's modification of the decree both with respect to child support payments and visitation rights, we must affirm.

Affirmed.

---

[3] Kiesow v. Kiesow, 270 Minn. 374, 384, 133 N. W. (2d) 652, 660.