**In Re the Marriage of Margaret Louise LEWIS, petitioner, Appellant,**

v.

**Richard Wayne LEWIS, Respondent.**

**No. C1-87-970.**

Court of Appeals of Minnesota.

Nov. 3, 1987.

Barry L. Blomquist, North Branch, for petitioner.

Richard Wayne Lewis, pro se.

Considered and decided by WOZNIAK, P.J., and CRIPPEN and

STONE *, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal is from a judgment dissolving a 19 year marriage. Appellant challenges the amount and duration of her maintenance award. We remand for further findings.

## FACTS

Appellant Margaret Louise Lewis and respondent Richard Wayne Lewis were married in 1968. Appellant is 49 years old, has a tenth grade education and limited employment experience. Her monthly expenses total $1224, and she currently has net income of $378 per month from a 20 hour per week housekeeping job. With $588.75 monthly child support, which is not at issue, her expenses exceed her earnings by $160. She foresees further unmet needs when the parties' minor child reaches age 18 in 1991.

Respondent is 41 years old, a high school graduate with two years of college, and receives $2355 per month from his employment as a maintenance worker, his additional earnings in another job, and Veteran's Administration benefits. His monthly mortgage payments total $606.37 and he stipulated his other monthly expenses equal $638. In addition, he was ordered to pay the parties debts totaling $4695.

The trial court concluded there was "a great disparity in the income and the potential for income" for Richard and Margaret. On that observation, the court awarded appellant maintenance of $100 per month for two years and $290 for the following two years, after which maintenance terminates. There are no findings explaining why the first two years of maintenance was $190 lower than the next two years or why maintenance terminates in four years.

## ISSUE

Did the trial court abuse its discretion in determining the amount and duration of the maintenance award?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ANALYSIS

A trial court's determination of the amount and duration of spousal maintenance is final unless the court abused its wide discretion. *Erlandson v. Erlandson,* 318 N.W.2d 36, 38 (Minn.1982). The discretion of the court must be examined in light of the controlling standards contained in Minn.Stat. § 518.552 (1986). *Id.* at 38.

A trial court may award spousal maintenance if the court finds the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs, or if she is unable to adequately support herself. Minn.Stat. § 518.552, subd. 1. In determining the amount and duration of the maintenance award, the court must consider the needs and resources of each party, taking into account the duration of the marriage, the standard of living established during the marriage, benefits foregone during the marriage by the party seeking maintenance, and contributions of each spouse to the acquisition and preservation of marital property. Minn.Stat. § 518.552, subd. 2. Although there are seven statutory factors, "the issue is basically the financial condition of [appellant] and her ability to meet those needs balanced against the financial condition of [respondent]." *Erlandson,* 318 N.W.2d at 39–40.

The duration of the award is also discussed in Minn.Stat. § 518.552:

> Nothing in this section shall be construed to favor a temporary award of maintenance over a permanent award, where the factors under subdivision 2 justify a permanent award.
>
> Where there is some uncertainty as to the necessity of a permanent award, the court shall order a permanent award leaving its order open for later modification.

Minn.Stat. § 518.552, subd. 3. *See McClelland v. McClelland,* 359 N.W.2d 7, 10 (Minn.1984); *Abuzzahab v. Abuzzahab,* 359 N.W.2d 12, 14 (Minn.1984) (permanent maintenance applicable to older, dependent spouse in lengthy "traditional" marriage where there is little likelihood dependent spouse will become self-sufficient).

Particularized findings are necessary to facilitate meaningful appellate review, to show that the trial court considered all the relevant statutory factors, and to satisfy the parties that the trial court fairly resolved their case. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976); *see Kroening v. Kroening,* 390 N.W.2d 851, 854 (Minn.Ct.App.1986) (particularized findings necessary in setting the amount and duration of maintenance); *see also Riley v. Riley,* 369 N.W.2d 40, 45 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Aug. 29, 1985). Taking into account the broad discretion of the trial court on issues in marital cases, "it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate court review is to be meaningful." *Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971).

Because it is unclear from the findings whether the trial court considered the relevant statutory factors in setting maintenance, we remand for the court's redetermination of its maintenance award. If the trial court elects to set varying amounts and allow only temporary maintenance, the findings should reflect its reasons, based on one or more of the statutory standards.

## DECISION

We are unable to adequately review the trial court's maintenance award due to lack of particularized findings explaining the award. We therefore remand and direct the court to make findings consistent with this opinion.

Remanded.