**In re the Marriage of David GANYO, Petitioner, Appellant,**

v.

**Emily Jean ENGEN, f/k/a Emily Jean Ganyo, Respondent.**

No. C9–89–1000.

Court of Appeals of Minnesota.

Oct. 17, 1989.

---

Jill I. Frieders, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for petitioner, appellant.

Marilyn J. Michales, Doyle and Michales, Minneapolis, for respondent.

Heard, considered and decided by KALITOWSKI, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant David Ganyo contends the trial court erred in finding that his bankruptcy constituted a substantial change in circumstances permitting modification of both the amount and the term of maintenance. We affirm.

## FACTS

The 1960 marriage of the parties was dissolved in January 1988. Property and maintenance issues were resolved by stipulation. Respondent Emily Engen was awarded the $115,000 marital homestead, subject to a $52,000 mortgage. She received various personal property, including her pension plan. Respondent also agreed to assume approximately $5100 in credit card debt, including approximately $2300 marital debt.

Appellant received his pension plan and other personal property. He agreed to take $21,196.66 of the parties' marital debt, to maintain a $50,000 life insurance policy for the benefit of respondent, and to pay respondent $2500 for attorney fees.

Respondent was awarded maintenance for eight years: one year at $619 per month, the next four years at $569 per month, the next year at $500 per month, the seventh year at $469 per month, and the last year at $419 per month. The decree required review of maintenance at the end of the eight-year period.

At the time of the decree, appellant was 49 years old, earned $2340 per month, and paid $939 monthly to service his share of the marital debt. With his maintenance obligation, this initially left him $682 to cover his personal expenses. Respondent was 46 years old and had monthly earnings of $967. With maintenance payments, she initially had $1576 per month to cover expenses and service her debt obligation.

According to the decree, bankruptcy discharge of any debt assumed by appellant "shall constitute a basis under Minn.Stat. § 518.64, subd. 2, upon which respondent may move the court to modify the maintenance provision." The decree further provided that respondent could seek an additional property award if she was held liable for appellant's discharged debt.

In June 1988, appellant filed for bankruptcy. He obtained discharge of the debt he had assumed, but he subsequently reaffirmed $10,000 of the obligation. Currently, he pays $529 per month on that debt, $410 less than he paid before his bankruptcy.

In December 1988, respondent filed a motion seeking modification of the maintenance award. The trial court found that appellant's bankruptcy constituted a change of circumstances, but added that a substantial change of other circumstances also rendered the original maintenance provision unfair and unreasonable. This change included the reduction in appellant's debt payments, a $515 increase in appellant's income to $2855 per month,[1] and a decrease in respondent's income to $906 per month. The trial court redetermined the level of maintenance, ordering appellant to pay $900 per month, and made that obligation permanent.

According to the trial court's detailed calculations, appellant has net income of $2073 after payment of maintenance. The court also found that his expenses will be

---

1. The trial court calculated that, with the tax benefit associated with the higher level of maintenance, appellant's net income would actually increase to $2973, a $633 increase. In appellant's brief, he claims his income is $2743, a $401 increase, but the source of that figure is not indicated and there is nothing to suggest the trial court's finding was clearly erroneous.

$2274. Respondent will have $1806 in income, including maintenance payments, to cover personal expenses of $1710. She also will have to make debt payments, but the court made no specific findings on the monthly amount. The court did not calculate respondent's tax cost for maintenance receipts.

### ISSUES

1. Did respondent establish cause to modify the amount of maintenance?

2. Do the trial court's findings justify changing the duration of the award?

3. Did the court err in determining the amount of the permanent award?

### ANALYSIS

■ Modification of spousal maintenance is within the sound discretion of the trial court. *Rapacke v. Rapacke,* 442 N.W.2d 340, 343 (Minn.Ct.App.1989) (citing *Mark v. Mark,* 248 Minn. 446, 449, 80 N.W.2d 621, 624 (1957)). "In order for this court to find the trial court abused its discretion, there must have been a clearly erroneous conclusion that is against both logic and the facts on the record." *Cisek v. Cisek,* 409 N.W.2d 233, 235 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987) (citing *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)).

1. Cause to modify amount.

■ A maintenance award may be modified if the court finds substantially increased or decreased earnings or needs which make the terms of the award unfair and unreasonable. Minn.Stat. § 518.64 (1988). Here, the trial court relied at least in part on the bankruptcy provision in the original decree. Appellant contends this provision permits a motion to modify the award, but does not create automatic grounds for modification. To the contrary, the clear implication of the provision is that the maintenance award was to be re-evaluated in the event appellant filed for bankruptcy. Viewed otherwise, the provision would be meaningless.

■ Appellant further contends that his bankruptcy only affects respondent if she is called upon to pay debts appellant was ordered to pay. This argument assumes, however, that maintenance was originally awarded to the full extent of respondent's needs and not compromised in any way by limits on appellant's ability to pay. Nothing in the record justifies this assumption, and there is no question that appellant's bankruptcy materially improved his ability to pay.

In addition, the trial court did not err by deciding that there is no need here to determine whether appellant's bankruptcy, by itself, would permit modification of the award. Ample evidence supports the trial court's determination that other changes in circumstances were sufficient to permit review of the initial award. Appellant's ability to pay improved at least $925 per month, including reduced debt and increased income.[2] In 1988, respondent's income was at least $174 per month less than her expenses ($1536 in 1988 earnings and gross second-year-level maintenance, compared with reasonable needs of $1710). This difference was enlarged by a $60 per month decrease in her earnings. Disregarding bankruptcy provisions in the stipulated decree, these changes support the court's determination of cause to modify the award.

2. Cause to modify duration.

■ The trial court modified the duration of the award as well as the amount of the award. Appellant argues that this modification is inappropriate without a change in the circumstances germane to the permanency of her needs. We disagree. Once the court determined that cause existed to modify the award, it assumed a judicial burden to determine the appropriateness of the award under Minn. Stat. § 518.552. As amended in 1985 (1985 Minn. Laws ch. 266, § 2), that statute requires that an award of maintenance be

---

**2.** If tax consequences are taken into account, appellant's ability to pay increased $1003 per month.

made permanent "[w]here there is some uncertainty" about the "necessity of a permanent award." Minn.Stat. § 518.552, subd. 3 (1988). *See also Nardini v. Nardini,* 414 N.W.2d 184, 195–99 (Minn.1987). Here, there is such uncertainty. It is undisputed that respondent's current needs greatly exceed her current income, and there is no evidence that her future circumstances will improve. The court had the power to review the duration of maintenance and it was not error to make the award permanent under the circumstances of this case.

 Appellant argues that the court's modification of both the amount and the duration of maintenance was particularly inappropriate in that the award was set by a stipulation. *See Kaiser v. Kaiser,* 290 Minn. 173, 180, 186 N.W.2d 678, 683 (1971); *Cisek v. Cisek,* 409 N.W.2d 233, 237 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). However, the original decree does not preclude review of the maintenance award. In fact, it specifically anticipated judicial review after eight years or in the event of appellant's bankruptcy. While the court would properly give consideration to the prior stipulation, the existence of that agreement did not bind the trial court such that its decision to modify was an abuse of discretion.

3. Amount of modified award.

Finally, appellant contends the court erred in setting the amount of maintenance, creating an obligation which he is unable to pay. He believes the court reached its conclusion by erroneously disregarding appellant's current debt load. We recognize that the evidence indicates appellant would need $3174, $201 more than he actually earns, to cover $1745 in personal expenses, maintenance of $900, and debt of $529. While we might prefer a somewhat smaller permanent maintenance award, the trial court's determination that this level of maintenance is appropriate, given all the circumstances of the case, is not an abuse of discretion.

Finally, respondent contends that the appeal in this case lacks merit such that this court should award her attorney fees. The appeal is not frivolous, and the financial disparity between the parties is not great enough to require an award of attorney fees. *See* Minn.Stat. § 549.21 (1988).

## DECISION

The trial court did not err in modifying both the amount and the term of the original maintenance award.

Affirmed.