In re the Marriage of Irene Beatrice LeROY, petitioner, Respondent,

v.

**Russell Robert LeROY, Appellant.**

No. C6–99–419.

Court of Appeals of Minnesota.

Oct. 12, 1999.

Mark J. Vierling, Eckberg, Lammers, Briggs, Wolff & Vierling, P.L.L.P., Stillwater, for respondent.

John G. Westrick, Brian J. Clausen, Westrick & McDowall–Nix, P.L.L.P., St. Paul, for appellant.

Considered and decided by DAVIES, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

The stipulated 1996 judgment dissolving the marriage of appellant-husband Russell Robert LeRoy and respondent-wife Irene Beatrice LeRoy awarded wife permanent spousal maintenance in the amount of $1,700 per month, subject to de novo review on or about November 1, 1998. In 1997, after husband voluntarily terminated his employment, he sought modification of maintenance based on his reduced income. The district court denied the motion, finding husband's voluntary resignation from his job was in bad faith, and imputed income in the amount of his former salary. Husband appealed and this court affirmed. In October 1998, husband moved for de novo review of the maintenance award as provided by the stipulated dissolution judgment. On February 2, 1999, the district court modified maintenance to $900 per month, based on husband's current income level. Husband appeals, challenging the amount of maintenance awarded based on his income and expenses. We reverse and remand.

## FACTS

The parties terminated their 30–year marriage by stipulation in May 1996. At that time, husband was a corporate general manager with a gross annual income of $49,790. Wife was unemployed, but agreed to attend school and exercise good faith to obtain credentials that would maximize her earning potential. At the time of dissolution, wife's reasonable monthly expenses were $1,862.50; husband's were $1,378. The district court awarded wife permanent spousal maintenance of $1,700 per month. The parties agreed that the amount of maintenance would be subject to de novo review on or about November 1, 1998.

In April 1997, after 24 years of work, husband resigned his employment during a heated discussion with his bosses. Husband secured new employment as a manager in July 1997, earning $26,000 per year.

For six months after his resignation, husband continued to meet his spousal maintenance obligation. He then unilaterally reduced his maintenance payment to $400. Wife moved for an Order to Show Cause, requiring husband to explain the maintenance-payment reduction. Husband moved for modification, reporting a gross monthly income of $2,166.66, a net monthly income of $1,452.92, and monthly expenses of $1,639.

After a hearing, the district court found husband in constructive civil contempt for having voluntarily terminated his employment in bad faith and having failed to meet his spousal maintenance obligation. The December 1997 district court order gave husband conditions by which he could purge the contempt and denied his motion for modification, imputing income based on what he had made at his former job. Husband appealed, contending the district court abused its discretion in ruling that he had terminated his employment in bad faith and in imputing income at the level of his previous salary. This court affirmed in August 1998, concluding that the district court did not abuse its discretion when it denied husband's motion for modification and upheld his maintenance obligation based on his prior income.

In October 1998, husband sought review of the amount paid as spousal maintenance

according to the de novo review provision in the stipulated dissolution judgment. The district court found (a) that husband's net income was $1,942.17 per month and that his reasonable monthly expenses were $1,895; and (b) that husband's income was barely sufficient to meet his own monthly obligations, and once spousal maintenance was awarded both parties would suffer a significant shortfall until either husband obtained different employment or wife completed her education and became gainfully employed. The district court then modified spousal maintenance to the sum of $900 per month commencing November 1, 1998. Husband appeals, challenging the amount of maintenance awarded based on his income and expenses, and wife also seeks review.

## ISSUE

On a stipulated de novo review of a spousal maintenance award, did the district court err by modifying the award without making factual findings to support the modification?

## ANALYSIS

 On appeal, the district court's determination of a maintenance award will be reversed only if the court "abused the wide discretion accorded to it." *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). Absent an abuse of its wide discretion in awarding maintenance, "the trial court's determination is final." *Id.* The district court will be found to have abused its discretion only if its decision is based on "a clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). The reviewing court will not disturb the district court's maintenance award if it has a "reasonable and acceptable basis in fact and principle." *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983) (citing *Bollenbach v. Bollenbach*, 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970)).

Here, when the parties were divorced in 1996, they entered into the following stipulation regarding maintenance:

2. *Spousal Maintenance.* That the Petitioner is awarded permanent spousal maintenance. That the Respondent shall pay to the Petitioner the sum of $1,700.00 per month commencing on April 1, 1996 and continuing thereafter every month. Spousal maintenance shall be paid by the Respondent commensurate with the receipt of his payroll check from his employer until such time as wage withholding has been implemented. Wage withholding shall be implemented for direct payment from the employer of the Respondent to the Petitioner pursuant to Minn.Stat. § 518.613. With the consent of the employer payment may be made directly to the Petitioner as opposed to through Washington County Child Support and Collections.

The amount of money to be paid by the Respondent to the Petitioner for spousal maintenance (as opposed to the issue of permanency) shall be subject to a de novo review by this Court on or about November 1, 1998 or earlier should the Petitioner terminate her enrollment in educational programs. Petitioner shall advise Respondent of her enrollment status from time to time and shall notify Respondent should she terminate her enrollment.

 The stipulated dissolution judgment clearly calls for a de novo review of maintenance on or about November 1, 1998. In general, a district court should defer to a stipulation entered into by the parties. *See Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn.1981). When a request to enforce the terms of a stipulation that provides for future review of a maintenance award is before the court, the court should enforce the stipulation unless good reasons exist to do otherwise. *See Ganyo v. Engen*, 446 N.W.2d 683, 687 (Minn.App.1989) (stipulated maintenance provision provided for review of mainte-

nance after eight years and also provided that bankruptcy discharge of any debt assumed by obligor constituted grounds for modifying award).

■ Here, the parties specifically agreed to de novo review of maintenance. When reviewing maintenance de novo, the court must consider the statutory factors of Minn.Stat. § 518.552 (1998).

[T]he basic consideration is the financial need of the spouse receiving maintenance and the ability to meet that need balanced against the financial condition of the spouse providing the maintenance.

*Krick v. Krick*, 349 N.W.2d 350, 352 (Minn. App.1984). The court must consider, among other factors, "the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance." Minn.Stat. § 518.552, subd. 2(g) (1998).

■ When conducting de novo review, the court may consider anything that it would be appropriate to consider for an initial maintenance award, including respondent's earnings history. A district court may consider past earnings and earning capacity to estimate an obligor's future income. *Warwick v. Warwick*, 438 N.W.2d 673, 677 (Minn.App.1989) (extending earning capacity and earnings history analysis to spousal maintenance obligations). The court is not bound by collateral estoppel or other legal principle to impute appellant's prior income, for that would contradict the stipulated de novo review. The court may, however, consider past earning history in assessing ability to pay.

■ Although the district court has broad discretion in setting the amount of maintenance, an award must be supported by adequate findings. *See Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989) (requiring findings to support maintenance rulings).

■ Here, the court's $900 maintenance award is not supported by adequate factual findings. Both parties agreed dur-

ing oral argument on appeal that findings to support the award are lacking. The court found wife's annual gross income, exclusive of maintenance, to be $387 and her reasonable monthly expenses to be $2,000. The court found husband's net monthly income to be $1,942.17 and his monthly expenses to be $1,895. Noting that both parties will suffer a financial shortfall, the court reduced the original maintenance award from $1,700 to $900 per month. The court made no findings to show how it arrived at the $900, and the record contains no indication of the factors the court considered in setting the award. Without supporting findings, the maintenance award cannot be reviewed on appeal.

**DECISION**

We reverse the district court's order setting maintenance at $900 per month. We remand to the district court with specific instructions to conduct a de novo review of maintenance based on the statutory factors of Minn.Stat. § 518.552 (1998). In setting the amount of maintenance, the court can consider anything that would be appropriate to consider for an initial maintenance award, including respondent's earning capacity. The court is not bound by collateral estoppel or other legal principle to impute appellant's prior income, but may consider past earning history in assessing ability to pay.

**Reversed and remanded.**